[Civ. No. 5849. First Appellate District, Division Two.—November 7, 1927.]

G. A. METCALFE, Respondent, v. JACOB STEUR, Appellant.

Edgar C. Levey for Appellant.

William Klein for Respondent.

KOFORD, P. J.—Plaintiff recovered judgment for eight hundred odd dollars upon this action for a balance due

for electrical work and materials furnished defendant. The defense of the defendant in the court below and his ground of appeal as appellant here, is that the parties had agreed between themselves upon the correct balance due and that such balance had been paid. He pleaded this defense as an account stated. The trial court made a finding against this defense and it is urged here that such finding has no support in the evidence.

The appellant's claim is as follows: That the parties met in the office of the Great Western Power Company; that at that meeting the plaintiff claimed some $4,000 balance due and the defendant contended for only $2,900 balance due; that the parties agreed upon $2,900; that thereupon a sum of $3,200 due defendant from the Great Western Power Company was paid by check to plaintiff; that plaintiff accepted it with the understanding that he should cash the check and pay the difference ($300) to the defendant. Defendant presented a cross-complaint for the $300. Plaintiff admitted being present at the meeting, admitted discussion of the $2,900 and $300 amounts, and admitted the receipt of the $3,200, but denied that he agreed to the compromise or account stated as claimed by defendant.

It is appellant's contention that there is no substantial conflict in the evidence and quotes testimony of plaintiff given upon his cross-examination in which his denials are not positive. There is other testimony quoted by respondent in which the plaintiff positively denied the alleged agreement of compromise or account stated. The witness Hardin, an employee of the power company, who was present at the time and place of the meeting between the parties, was unable to remember whether such an agreement was made or not. From this record we cannot say that there is no substantial evidence to support the finding attacked by appellant.

Appellant makes the bare assertion that it was improper for the court to allow as an item of labor a part of the wages of a superintending foreman where the written contract between the parties specified a fifteen per cent cost plus basis.

No argument is advanced in support of this assertion. Apparently appellant does not regard this as one of his

grounds of appeal. It is, at least, not properly presented for our decision.

The judgment is affirmed.

Nourse, J., and Sturtevant, J., concurred.